# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:12-cv-565-RJC

| | |
|---|---|
| THERON PRESTON WASHINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| BARACK OBAMA, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on a review of Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), and on a review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. §§ 1915; 1915A.

Plaintiff is currently a prisoner incarcerated in Butner Federal Correctional Institution in North Carolina. Plaintiff filed this action on August 31, 2012, naming as the sole Defendant the President of the United States Barack Obama. (Doc. No. 1). Plaintiff alleges that he is "bringing this case to court because our countries [sic] security has been breached. [Defendant] took office as a Somolian Noble." (Id. at 2). Plaintiff alleges that President Obama violated Article I, Section 9 of the U.S. Constitution by taking office "as a Noble." (Id. at 3). As his requested relief, Plaintiff wants President Obama to be removed from office, and Plaintiff wants "a public hearing." (Id. at 5).

The Court first considers Plaintiff's application to proceed in forma pauperis. The provisions of 28 U.S.C. § 1915 are mandatory and define the degree and scope of this Court's initial review of Plaintiff's Complaint. See Crawford-El v. Britton, 523 U.S. 574, 596 (1998)

(discussing the Prison Litigation Reform Act ("PLRA")).  Section 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

In another action filed by Plaintiff in this Court, the Court noted that five of Plaintiff's previous civil rights complaints were dismissed on the grounds that they were frivolous or failed to state a claim upon which relief may be granted.  See (Washington v. Butner Fed. Corr. Inst., 3:11-cv-620, Doc. No. 3 at 4 n.2).  Plaintiff is, therefore, subject to § 1915(g)'s bar to filing civil actions in forma pauperis unless he can show that he is under imminent danger of serious physical injury.  Plaintiff's Complaint fails to demonstrate that he is under imminent danger of serious physical injury as required by § 1915(g).  The Court will, therefore, deny Plaintiff's application to proceed in forma pauperis.

The Court must screen Plaintiff's case pursuant to 28 U.S.C. § 1915A and dismiss sua sponte if the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Plaintiff's case must be dismissed as frivolous because it is based on clearly baseless factual

contentions.[1]

       **IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Application to Proceed Without Prepayment of Fees or Costs, (Doc. No. 1-1), is **DENIED**.

2.    Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** with prejudice.

3.    The Clerk is directed to terminate this case.

Signed: September 19, 2012

Robert J. Conrad, Jr.
Chief United States District Judge

---

[1] On August 21, 2012, this Court dismissed as frivolous an almost identical Complaint filed by Plaintiff. See Washington v. Obama, 3:12cv511 (W.D.N.C. Aug. 21, 2012). In addition to being frivolous, this lawsuit as well as the previous lawsuit were both filed in the wrong venue. Venue for actions brought under § 1983 is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that venue is proper in: (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. Venue is not proper in this district, as President Obama resides in Washington, D.C., and nothing in the Complaint indicates that a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this district.